**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL SALAS, an individual, | No. 14-55748 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07739-GHK-AJW |
| v. | |
| ANHEUSER-BUSCH SALES OF SOUTH BAY, INC., a business entity, exact form unknown, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| ANHEUSER-BUSCH, INC., a business entity, exact form unknown, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BYBEE and N.R. SMITH, Circuit Judges, and STEIN,[**] District Judge.

Angel Salas appeals the district court's order compelling arbitration of his claims under California's Fair Employment and Housing Act ("FEHA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand to the district court for further proceedings.

1.     Salas's case is not moot. "A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). We can still provide Salas with effectual relief if he prevails on his claim that the district court erred by compelling arbitration. *Cf. Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1410 & n.6 (9th Cir. 1990) ("[T]he possibility of obtaining meaningful relief on appeal is not eliminated by the intervening event of the conclusion of the trial court proceedings. If [the defendant] were to prevail in his claim to a right to arbitration, the district court judgment would be vacated and the parties could proceed to arbitration.").

Anheuser-Busch argues that Salas's case is moot because he entered into a stipulation and other informal agreements whereby he agreed to certain procedural

[**]     The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

aspects of arbitration. In making this argument, Anheuser-Busch appears to assume that Salas's only objection to arbitrating his case was the lack of certain procedures and that these subsequent agreements cured whatever objections Salas had. However, Salas objected to arbitration not because of the lack of certain procedures, but because he desired to litigate his claims instead. Accordingly, Salas did not moot his claim by subsequently agreeing to certain arbitration procedures.[1]

2.     The district court erred by compelling arbitration because the Collective Bargaining Agreement ("CBA") between Anheuser-Busch and Salas's union, Teamsters Local Union No. 896 ("Union"), does not "clearly and unmistakably" require Salas to arbitrate his statutory discrimination claims under FEHA. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 273 (2009); *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79–80 (1998). The CBA does not "explicit[ly] incorporat[e]" Salas's FEHA claims. *See Wright*, 525 U.S. at 80. Under the CBA, the mandatory grievance procedure described in Section 32 is only applicable to

---

[1]We do not address whether Salas waived his objection to the district court's order compelling arbitration by failing to object to the confirmation of the arbitrator's award in district court. Anheuser-Busch has not raised this argument on appeal. Instead, Anheuser-Busch only argues that Salas waived any objection to the arbitrator's award itself by failing to object to such award before the district court, a point that Salas does not dispute.

3

FEHA claims when compliance with the CBA conflicts with Anheuser-Busch's obligations under . . . FEHA. Further, the CBA provides for arbitration only between the Union and Anheuser-Busch. It does not address an individual employee's right to bring a FEHA claim against Anheuser-Busch.[2]

**REVERSED and REMANDED.**

---

[2]Salas's motions for judicial notice are denied as moot.